# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLE COTT,  )<br>  )<br>              Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CAROLYN W. COLVIN,[1]  )<br>Acting Commissioner of Social Security,  )<br>  )<br>              Defendant.  )<br>_____  ) | CIVIL ACTION<br><br>No. 12-4055-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability(SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of Dr. Veloor's medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent with this opinion.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff applied for SSD and SSI, alleging disability beginning June 22, 2008.  (R. 10, 136-46).  In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She alleges that the Administrative Law Judge (ALJ) erred in evaluating her mental impairments at step three of the Commissioner's five-step sequential evaluation process; substituted his own medical opinion regarding Plaintiff's alcohol abuse for that of the state agency psychological consultants; erroneously evaluated the medical opinions--both those of the treating physicians, Dr. Veloor and Dr. Harper, and those of the state agency non-examining physicians; and improperly discounted the credibility of Plaintiff's allegations of symptoms.  Finally, she also argues that the ALJ's residual functional capacity (RFC) assessment is not supported by substantial evidence as a result of the errors alleged above.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such relevant evidence as a reasonable

mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). And, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920 (2010);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s)

---

[2]The Commissioner's decision in this case was issued on May 18, 2010, and unless otherwise noted, every citation to the Code of Federal Regulations in this opinion refers to the 2010 edition of 20 C.F.R. Parts 400 to 499, Revised as of April 1, 2010.

meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary here because the ALJ erroneously discounted the medical opinion of Dr. Veloor. Therefore, it does not reach Plaintiff's other allegations of error. She may present those arguments to the Commissioner on remand.

## II. Evaluation of Dr. Veloor's Medical Opinion

A treating physician's opinion about the nature and severity of plaintiff's impairments should be given controlling weight by the Commissioner if it is well

supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Even when a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). Such an opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300. However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300). After considering the regulatory factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion, and if he rejects the opinion completely, he must give specific, legitimate reasons for doing so. Watkins, 350 F.3d at 1301.

As the ALJ summarized, Dr. Veloor completed a physical RFC assessment of Plaintiff on February 25, 2010 in which she opined, among other things, that Plaintiff would be able to "perform less than the full range of light work, would need a sit stand option at will, would need to lie down two or three times a day for 20 to 30 minutes and would be absent from work about three times a month." (R. 19) (citing Ex. 25F/1-4 (R. 696-99)). The ALJ accorded this opinion "little weight" because it "was based upon the

5

subjective complaints of the claimant and not supported by the objective medical evidence of record." (R. 19).

Plaintiff argues that it was error for the ALJ to make such a finding because the conclusion that Dr. Veloor's RFC is based merely upon Plaintiff's subjective complaints is a speculative inference from Dr. Veloor's medical report which the ALJ may not make. (Pl. Br. 30) (citing McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)). Plaintiff is correct. "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports." McGoffin, 288 F.3d at 1252. The Tenth Circuit has explained that where the ALJ has no evidentiary basis for finding that a treating physician's opinion is based only on plaintiff's subjective complaints, his conclusion to that effect is merely speculation which falls within the prohibition of McGoffin. Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004). Such a conclusion by the ALJ must be based upon evidence taken from the physician's records. Victory v. Barnhart, 121 F. App'x 819, 823-24 (10th Cir. 2005). Here, the ALJ points to nothing from Dr. Veloor's RFC assessment or from her treatment records upon which he based his finding that the RFC "was based upon the subjective complaints of the claimant." (R. 19).

The Commissioner argues that the ALJ's finding has an evidentiary basis:

The ALJ also noted that Dr. Veloor stated that she had only seen the claimant since September 2009 and did not cite any specific examinations, diagnostic tests, or objective medical findings upon which she based her opinion, and he therefore concluded that her opinion was based upon the subjective complaints of the claimant.

6

(Comm'r Br. 12) (citing R. 19). As the Commissioner asserts, the ALJ in fact did note that Dr. Veloor had only treated Plaintiff since September, 2009, and that she did not cite examinations, tests, or medical findings upon which she based her opinion. (R. 19). Moreover, the Commissioner is correct that the ALJ found that Dr. Veloor's opinion was based upon Plaintiff's subjective complaints--that is the error Plaintiff alleges. However, what is missing from the Commissioner's syllogism is the ALJ's assertion that the conclusion is based upon the premises cited by the Commissioner.

Perhaps the Commissioner's rationale is a sufficient evidentiary basis to find that Dr. Veloor's opinion was based merely on Plaintiff's subjective complaints. But, it is certainly not self-evident that merely because Dr. Veloor did not state in her opinion the tests, examinations, or medical findings upon which she based the opinion, and because she treated Plaintiff for only approximately six months before she rendered her opinion, that the opinion <u>must</u> be based upon Plaintiff's subjective complaints. In any case, the court need not decide that issue, because the rationale given was not that of the ALJ, and the court may not rely on post hoc rationalization to affirm a decision of the Commissioner. An ALJ's decision should be evaluated based on the reasons stated in the decision. <u>Robinson</u>, 366 F.3d at 1084. A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action, <u>Knipe v. Heckler</u>, 755 F.2d 141, 149 n.16 (10th Cir. 1985), nor may a reviewing court create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment

7

is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

The ALJ's finding that Dr. Veloor's opinion was based on Plaintiff's subjective allegations is not supported by substantial record evidence.  Therefore, the ALJ has not provided specific, legitimate reasons to discount the treating source opinion of Dr. Veloor.  This is error requiring remand for the Commissioner to properly evaluate the treating source opinion of Dr. Veloor.  On remand, the Commissioner should also consider Plaintiff's other allegations of error.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceeding consistent herewith.

Dated this 30th day of September 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**